UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WALTER URBANSKI, individually and on behalf of similarly situated individuals<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>HERCULES FORWARDING, INC., a California corporation<br><br>　　　　　　　　　　Defendant. | Civil Action No.: _____<br><br>CLASS ACTION<br>NOTICE OF REMOVAL |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant Hercules Forwarding, Inc. removes this case from the Chancery Division of the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division. In support of this removal, Defendant states as follows:

　　　　1.　　**The Action**. Walter Urbanski (Plaintiff) filed a putative Class Action Complaint (the Complaint) in the Chancery Division of the Circuit Court of Cook County on April 7, 2020 under Civil Action No. 2020-CH-03744. The Complaint alleges that Hercules Forwarding, Inc. violated Illinois' Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.*, "by capturing, collecting, disseminating, or otherwise using the biometrics of Plaintiff and other Class members, without their informed consent as required by law, in order to track their time at work." *Compl.* ¶ 2. Plaintiff seeks to represent a class defined as:

> All individuals whose biometrics were captured, collected, stored, used, transmitted, or disseminated by or on behalf

>of Defendant within the state of Illinois at any time within the applicable limitations period.

*Id.* ¶ 26. He alleges that each time Plaintiff and putative class members were required to scan their fingerprints, Defendant violated BIPA. *Id.* ¶ 39.

On behalf of himself and the putative class, Plaintiff, among other things, seeks: (1) a declaration that "Defendant's actions, as set forth [in the Complaint], violate BIPA Sections 15(b) and 15(d)"; (2) injunctive and equitable relief; (3) "statutory damages of $5,000 for each willful and/or reckless violation of the BIPA, pursuant to 740 ILCS 14/20(2)" or, in the alternative, "statutory damages of $1,000 for each negligent violation of the BIPA, pursuant to 740 ILCS 14/20(1)"; and (4) "reasonable attorneys' fees, costs, and other litigation expenses pursuant to 740 ILCS 14/20(3)." *Id.*, Prayer for Relief. Copies of all pleadings and papers filed in the Circuit Court of Cook County of which Defendant is aware are attached as *Exhibit A*.

2. **Statutory Grounds for Removal**. This action is removable under 28 U.S.C. § 1441(a), which provides for the removal of state court civil actions over which U.S. district courts have original jurisdiction. As set forth below, this Court has original jurisdiction over this action under 28 U.S.C. § 1332(a)(1) because this is a civil action where the amount in controversy for the named Plaintiff's claim exceeds $75,000, exclusive of interests and costs, and is between citizens of different states.

Removal to this Court is proper because the United States District Court for the Northern District of Illinois, Eastern Division comprises, among other Illinois counties, Cook County. 28 U.S.C. § 93(a)(1).

3. **Complete Diversity of Citizenship Exists**. Plaintiff alleges that at all relevant times, he "has been a resident and a citizen of the State of Illinois and

2

Cook County." *Compl.* ¶ 10. Hercules Forwarding, Inc. is a California citizen, as it is incorporated and has its principal place of business in California. *See* Declaration of Melanie Burnham (*Burnham Decl.*), attached as *Exhibit B*, ¶ 2; 28 U.S.C. § 1332(c)(1). As Plaintiff and Defendant are citizens of different states, the diversity requirement of 28 U.S.C. § 1332(a)(1) is satisfied.

4. **The Amount in Controversy Exceeds $75,000**. Based on Plaintiff's allegations, the amount in controversy exceeds the $75,000 jurisdictional threshold.[1]

In his Complaint, Plaintiff alleges that "[e]ach instance Plaintiff and the other Class members were required to scan their fingerprints, Defendant, captured, collected, stored, and/or used Plaintiff's and the other Class members' biometric identifiers or biometric information without valid consent and without complying with and, thus, in violation of BIPA." *Compl.* ¶ 39. This included "each time [he] needed to clock in and clock out of a shift at work." He further alleges that "Defendant knew, or was reckless in not knowing, that the biometric systems it used would be subject to the provisions of BIPA yet wholly failed to comply with the statute." *Id.* ¶ 41.

Plaintiff seeks statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA." *Id.* ¶ 43. Defendant's alleged "willful and/or reckless" violations of BIPA are subject to $5,000 in statutory damages. As a result, "[t]reating each scan as a separate

---

[1] Defendant denies all of Plaintiff's allegations in the Complaint. Hercules Forwarding, Inc. specifically does not concede: (i) that its timekeeping system collected, captured, stored, disseminated, or otherwise used biometric information or biometric identifiers; or (ii) that each "scan" using that system would constitute a separate BIPA violation. Plaintiff's allegations and requested relief, however, must be accepted as true for purposes of determining the amount in controversy for purposes of removal.

violation, Plaintiff would only need to have scanned [his finger] sixteen times to exceed the $75,000 threshold." *Peatry v. Bimbo Bakeries USA, Inc.*, 393 F. Supp. 3d 766, 769 (N.D. Ill. 2019).

Here, Plaintiff used the timekeeping system at issue to clock in and out of work 367 times in 2018 alone. *See Burnham Decl.* ¶ 6. Based on Plaintiff's allegation that each of those scans constituted a willful and/or reckless violation entitling Plaintiff to $5,000 in statutory damages, the amount in controversy well exceeds the jurisdictional minimum of $75,000. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) (If "the plaintiff, the master of the Class Action Complaint . . . provides little information about the value of [his] claims . . . a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence.").

5. **Article III Standing Exists**. This case can proceed before this Court under Article III of the U.S. Constitution because Plaintiff has alleged that Hercules Forwarding, Inc. did not make the requisite disclosures and failed to obtain the informed consent that is required by BIPA. *Compl.* ¶ 40; *Bryant v. Compass Grp. USA, Inc.*, 958 F.3d 617, 626–27 (7th Cir. 2020) (holding that such allegations, if true, establish "the concrete injury BIPA intended to protect against," and that "[t]his injury satisfies the requirements for Article III standing.").

6. **Timeliness of Removal**. Under 28 U.S.C. § 1446(b), a Notice of Removal must be filed within 30 days of receiving a copy of the complaint if the pleading is removable on its face. If the complaint is not removable on its face, the case must be removed within 30 days of receiving an amended pleading, motion, order, or other paper from which removability may first be ascertained. *Id.* While

4

Defendant was first served with the Complaint on May 6, 2020, the 30-day removal period has not begun to run because removability is not evident from the face of the Complaint. Specifically, Defendant has not received any post-Complaint pleading or other paper that affirmatively and unambiguously specifies a damage amount to satisfy the jurisdictional minimum. Rather, the amount in controversy requirement for removability can only be determined by performing a mathematical calculation using information outside the Complaint. *See Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 825 (7th Cir. 2013) ("As applied to the amount-in-controversy requirement, the clock commences only when the defendant receives a post-complaint pleading or other paper that affirmatively and unambiguously specifies a damages amount sufficient to satisfy the federal jurisdictional minimums."). As the time to remove has not yet begun, removal is timely.

7. **Defendant Will File a Notice of Removal to Adverse Parties and to State Court Clerk**. Pursuant to 28 U.S.C. § 1446(d), Hercules Forwarding, Inc. will promptly provide written notice of removal of this action to Plaintiff, and will promptly file a copy of this Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois. A copy of the Notice of Removal to Adverse Parties and State Court Clerk being sent to Plaintiff and the Cook County Circuit Court Clerk is attached as *Exhibit C*.

8. **No Waiver**. Hercules Forwarding, Inc. submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff and without conceding either the Class Action Complaint's allegations or that Plaintiff pled claims upon which relief can be granted.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: July 6, 2020 | HERCULES FORWARDING, INC. |
|  | By: /s/ Andrew J. Butcher |
|  | Andrew J. Butcher (IL#6325396) |
|  | Charles Andrewscavage (IL#6319013) |
|  | Caroline Pratt (IL#6321320) |
|  | Jared Kramer (IL#6332106) |
|  | SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C. |
|  | 30 West Monroe Street, Suite 1600 |
|  | Chicago, IL 60603 |
|  | Telephone: (312) 255-7200 |
|  | abutcher@scopelitis.com |
|  | candrewscavage@scopelitis.com |
|  | cpratt@scopelitis.com |
|  | jskramer@scopelitis.com |
|  | *Attorneys for Defendant, Hercules Forwarding, Inc.* |

6

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 6, 2020, the foregoing was filed through the Court's electronic filing system with copies served upon the following counsel of record electronically and by First Class United States Mail, postage prepaid:

>Timothy P. Kingsbury
>Andrew T. Heldut
>MCGUIRE LAW, P.C. (#56618)
>55 W. Wacker Drive
>9th Fl.
>Chicago, IL 60601
>tkingsbury@mcgpc.com
>aheldut@ gmail.com

The undersigned further certifies that on July 6, 2020, a copy of the Notice of Filing of Notice of Removal was filed through the Illinois State Court's electronic filing system with copies served upon the foregoing counsel of record electronically and by First Class United States Mail, postage prepaid:

>Clerk of Court
>Chancery Division
>Circuit Court of Cook County
>Richard J. Daley Center
>50 West Washington Street
>Room 802
>Chicago, IL  60602

>>>*/s/ Andrew J. Butcher*
>>>Andrew J. Butcher

4826-0829-8433, v. 4